R. H. LEE v. L. J. UPTON & CO.

(Filed 1 October, 1919.)

**Contracts — Breach—Admissions—Damages—Evidence—Allegations—Contemplated Damages—Pleadings.**

The plaintiff and defendant contracted, among other things, that the plaintiff should raise Irish potatoes upon his own land and furnish them at a certain price to the defendant, in barrels the latter should supply by a specified time, and demanded damages for the defendant's failure to so furnish them. Without specific allegation the plaintiff attempted to show that he was also damaged in not having sufficient time, owing to defendant's breach of contract, to plant and mature for that season a crop of sweet potatoes on the same land. Upon plaintiff's admission to the effect that the defendant's failure to sooner deliver the barrels at an earlier date did not cause him damages, that he had sufficient barrels on hand, etc.: *Held*, no actual damages are recoverable; and as to the failure to raise the sweet potato crop, such damages were not alleged or shown to have been within the reasonable contemplation of the parties, and the evidence as to them was properly excluded.

APPEAL by plaintiff from *Daniels, J.*, at April Term, 1919, of PAMLICO.

This is an action for the recovery of two thousand dollars for breach of contract.

The contract, which was entered into by the plaintiff and defendant and offered in evidence, provides that the defendant was to furnish fertilizer and one hundred bags of Irish Cobbler seed potatoes at a price to be paid by plaintiff to defendant. The defendant was also to furnish and deliver to plaintiff f. o. b. Oriental, N. C., one-half of the empty barrels and covers necessary for harvesting said crop of potatoes, the defendant was also to furnish to plaintiff all the empty barrels and covers necessary for harvesting all of his half of said potatoes. The plaintiff was to furnish the land, properly prepare same for crop of early potatoes, plant, cultivate and harvest said potatoes under the supervision, direction and control of defendant, and to deliver same f. o. b. care of the railroad station at Oriental where they were to be divided equally by the plaintiff and defendant.

The plaintiff was to sell to the defendant his half of his said crop of potatoes for two dollars and fifty cents per barrel.

The seventh paragraph of the contract is as follows:

"7. The said second party hereby agrees to sell to the said first party, and the said first party hereby agrees to purchase from the said second party, all of the said second party's one-half part, or share, of all strictly number one potatoes and all strictly number two potatoes, which shall be grown from the said crop of Irish potatoes, at the price of

$2.50 per barrel for number ones and $2.50 per barrel for number twos, put up in new standard barrels, filled full and well rounded, and properly graded, and delivered to the said first party or its agent, free, on board cars, at Oriental railroad station, in such quantities, from day to day, or from time to time, between 1 June and 5 June, 1917, as the said first party or its agent may direct. From the purchase price of said second party's one-half share of said potatoes so delivered to the first party the first party shall deduct whatever amount the second party may owe it, and shall pay the balance, if any, to the said second party promptly after deliveries."

In the complaint the plaintiff alleges a breach of contract in that the defendant did not furnish him barrels in time for him to deliver the Irish potatoes between 1 June and 5 June, and upon the trial he offered evidence that he intended planting sweet potatoes where he had the Irish potatoes and that by reason of the delay his sweet potato crop was later and damaged.

This evidence was excluded, and the plaintiff excepted. At the conclusion of the evidence his Honor held that the plaintiff was not entitled to recover damages for breach of contract, and upon payment into court of the amount due the plaintiff for his part of the potatoes according to the contract entered judgment of nonsuit.

*Z. V. Rawls and D. L. Ward attorneys for plaintiff.*
*Moore & Dunn attorneys for defendant.*

ALLEN, J. Conceding that the contract required the defendant to furnish barrels so the plaintiff could deliver the potatoes between the first and the fifth of June, the evidence of the plaintiff shows that the failure to do so was not the cause of the delay, and that the defendant was not damaged because he did not get the barrels in time.

The plaintiff testified in his own behalf: "I sent word to the defendant that my potatoes were ready for digging and I wanted to start on 5 June. I sent this message on 4 June."

He also admitted that he had over 700 empty barrels at his house on 5 June, and his brother, M. D. Lee, who was a witness for the plaintiff, testified that he got for the plaintiff from the defendant 500 barrels in one load and 250 barrels in another before 4 June.

If, therefore, the plaintiff was not ready to dig his potatoes until 5 June, and he then had 750 barrels, it is difficult to see upon what theory he can hope to recover damages for failure to furnish barrels to enable him to make delivery between the first and fifth of June. The evidence shows also that the plaintiff did not begin digging until 11 June, and that he completed the delivery of his crop of 1,502 barrels by 20 June.

The evidence as to the sweet potato crop is immaterial as the plaintiff is not entitled to recover damages, but it was also properly excluded upon the ground that there was no allegation to support it, and because there is nothing to prove that such damage was reasonably within the contemplation of the parties.

Affirmed.